IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WILLIAM HANSEN                                                                              PLAINTIFF

         v.                                   Civil No.  14-5350

STATE OF ARKANSAS; CIRCUIT
JUDGE BRAD KARREN; DEPUTY
PROSECUTING ATTORNEY STUART
CEARLEY;  PUBLIC DEFENDER
SAM HALL; and TRANSPORT DEPUTY
JOHNSTON, Benton County Sheriff's Office                                                    DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, William Gregory Hansen, pursuant to the provisions of 42 U.S.C. § 1983.  Hansen proceeds *pro se* and *in forma pauperis.*

The case is before the court for preservice screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.  Background

According to the allegations of the amended complaint, Plaintiff maintains his First Amendment rights were violated when he was illegally arrested and when he was interrogated on four separate occasions without having been given his *Miranda* warnings.  He also maintains that his Sixth Amendment right to a speedy trial was denied in Criminal Case No. 2013-1972-2 "after the state had agreed to charge one hundred percent of the "case time" to the state. Instead, Plaintiff alleges Judge Brad Karren, Deputy Prosecuting Attorney Stuart Cearley, and his Public Defender, Sam Hall, allowed his case to be recalled.  The agreement was not adhered to.

Plaintiff maintains Hall engaged in unethical practices, denied Plaintiff the fair representation of counsel, allowed Plaintiff to remain in custody thirty days longer than he should have, refused to produce requested documents, and attempted to get the Plaintiff to incriminate himself.

With respect to Deputy Johnston, Plaintiff maintains he harassed the Plaintiff and attempted to get the Plaintiff to incriminate himself in September of 2014 while transporting the Plaintiff to, and from, an appointment with a clinical psychologist. Further, Plaintiff alleged Deputy Johnson put the cuffs on Plaintiff's ankles so tightly that his Achilles heel was injured.

As relief, the Plaintiff asks that: the Defendants be reported to the Arkansas Bar Association; a no contact order be entered prohibiting Defendants from retaliating against him; his state court criminal case be expunged and all charges dropped; and for an award of compensatory and punitive damages.

## II. Discussion

Under the Prison Litigation Reform Act (PLRA), the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se

plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014)(*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

A number of Plaintiff's claims are subject to dismissal. First, the claims against Circuit Judge Brad Karren are subject to dismissal. Judge Karren is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

Second, Stuart Cearley, the deputy prosecuting attorney, is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)(Prosecutor acting as

an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the defendant prosecuting attorney is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

Third, Sam Hall, a public defender, is not subject to suit under § 1983. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). Hall was not acting under color of state law while representing Hansen in his criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) (public defender does not act under color of state law when performing traditional functions as counsel).

Fourth, the constitution does not require the giving of *Miranda* warnings. *See e.g., Chavez v. Martinez*, 538 U.S. 760 (2003). If statements obtained during custodial interrogation are not used against the party, there is no constitutional violation. *Davis v. City of Charleston*, 827 F.2d 317, 322 (8th Cir. 1987). "Moreover, violations of *Miranda* rights do not subject police officers to liability under § 1983." *Marshall v. Columbia Lea Regional Hosp.*, 345 F.3d 1157, 1165 (10th Cir. 2003); *see also Renda v. King*, 347 F.3d 550, 552 (3rd Cir. 2003)(Plaintiff may not base a § 1983 claim on the mere fact that she was subjected to custodial interrogation without having been provided her *Miranda* warnings); *Cooper v. Dupnik*, 963 F.2d 1220, 1243-44 (9th Cir. 1992)(A technical *Miranda* violation will not support a cause of action under § 1983).

Fifth, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. Plaintiff has made no allegation that his conviction has been called into question.

Sixth, Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973)(habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement).

Finally, verbal harassment, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993)(inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987)(verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); *Martin v. Sargent*, 780 F.2d 1334,1338-1339 (8th Cir. 1985)(being called an obscene name and threatened with adverse consequences unless he cut his hair and shaved does not state a claim of constitutional dimension); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985)(use of racially offensive language in dealing with a prisoner does not, by itself, state a claim). *Cf. Burton v. Livingston*, 791 F.2d 97, 100-101 (8th Cir. 1986)(A claim was stated where the prisoner alleged

"that a prison guard, without provocation, and for the apparent purpose of retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with threats of death.").

### III. Conclusion

For the reasons stated, I recommend that all claims against the State of Arkansas, Circuit Judge Brad Karren, Deputy Prosecuting Attorney Cearley, and Public Defender Sam Hall be dismissed. I also recommend that any claims based on Deputy Johnston's alleged verbal harassment and attempts to obtain incriminating statements from the Plaintiff be dismissed. These claims are frivolous, fail to state claims upon which relief may be brought, or are against individuals immune from suit. 28 U.S.C. § 1915A(b).

This leaves for later determination Plaintiff's claim that Deputy Johnston used excessive force against him in connection with the cuffing on his ankles. By separate order, the complaint will be served on Deputy Johnston.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of March, 2015.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)